UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON LEE SUTTON,

                Plaintiff,

v.

STEPHEN SINCLAIR, *et al.*,

                Defendants.

Case No. C19-1119-BJR-MLP

ORDER RE: PLAINTIFF'S PENDING MOTIONS

## I.    INTRODUCTION

Plaintiff Jason Sutton is a state prisoner who is proceeding with this civil rights action *pro se*. This matter comes before the Court at the present time on Plaintiff's motion for leave to amend his complaint (dkt. # 27), and on his motion for a show cause hearing and for sanctions against Defendants (dkt. # 30). Defendants oppose both motions. (Dkt. ## 28, 31.) Also pending at this time is Defendants' motion for summary judgment. (Dkt. # 19.) Plaintiff, to date, has not filed any response to that motion. The Court addresses each of the pending motions below.

## II.    DISCUSSION

### A.    Motion for Leave to Amend

Plaintiff seeks leave to amend his complaint to add a new Defendant to this action. (Dkt. # 27.) Plaintiff alleged in his original complaint, filed in July 2019, that his outgoing mail and

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

electronic messages were improperly rejected by corrections staff at the Clallam Bay Corrections Center (CBCC) and at the Monroe Correctional Complex (MCC). (*See* Dkt. ## 1, 6.) Plaintiff identified as Defendants in his complaint the Washington Department of Corrections (DOC), DOC Secretary Stephen Sinclair, and various members of the corrections staff at CBCC and MCC.

Plaintiff now seeks to add to this action Tammy O'Reilly, a member of the MCC mailroom staff who was involved in the restriction of one of the electronic messages at issue in this case. (Dkt. # 27 at 8.) Plaintiff claims he only became aware of this individual's identity in February 2020 when Defendants supplemented their discovery requests just prior to filing their now pending motion for summary judgment. (*See id.*) Plaintiff believes Ms. O'Reilly is a necessary addition to this action and he alleges that Defendants waited until the last minute to provide her name so that he would have difficulty adding Ms. O'Reilly as a Defendant and would be prevented from conducting necessary discovery pertaining to her. (*Id.* at 9.) Defendants oppose Plaintiff's request to amend, arguing that Plaintiff failed to attach his proposed amended complaint to his motion as required by the local rules, and that permitting amendment would prejudice Defendants and would be futile. (Dkt. # 28.)

Local Civil Rule (LCR) 15 requires that a copy of the proposed amended pleading be attached as an exhibit to any motion seeking leave to amend a pleading. The record confirms that Plaintiff did not attach a copy of his proposed amended pleading to his motion, though he claims in his reply to Defendants' response that he has been "diligently working-on researching, and drafting the amended complaint for filing." (Dkt. # 29 at 2.) Plaintiff attributes the delay in filing his proposed amended complaint to the "dilatory actions" of Defendants. (*Id.*) The dilatory

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 2

actions Plaintiff complains of appear to simply be a reference to the late disclosure of Ms. O'Reilly by Defendants. (*See id.* at 2; Dkt. # 27 at 8-9.)

Plaintiff offers no facts to support his allegation that Defendants intentionally withheld Ms. Reilly's name in an effort to undermine Plaintiff's ability to litigate this action. Moreover, this delayed disclosure in no way explains or justifies Plaintiff's failure to submit a proposed amended pleading with his motion. Given the nature of Plaintiff's claims, it should have been a relatively simple matter for him to draft and submit a proposed amended pleading incorporating the name of the newly discovered Defendant. Instead, Plaintiff apparently focused his efforts on drafting a needlessly long motion to amend and compiling a large number of exhibits that are completely unnecessary to resolution of issues relating to amendment. Ultimately, these efforts were unavailing given Plaintiff's failure to comply with the basic procedural rules set forth in LCR 15.

Though this procedural deficiency is, by itself, fatal to Plaintiff's motion, the Court also notes that it appears likely Plaintiff's proposed amendment would, in any event, be futile. The Court has reviewed Defendants' pending summary judgment motion and, though the Court is not at this juncture issuing a ruling on that motion, it is difficult to envision how simply adding Ms. O'Reilly as a Defendant to this action would in any way affect the viability of Plaintiff's claims.

### B. Motion for Show Cause Hearing and Sanctions

Plaintiff also seeks an order directing Defendants to appear for a hearing and show cause why sanctions should not be imposed against them. (Dkt. # 30.) According to Plaintiff, the purpose of the proposed show cause hearing would be to determine if two individuals who submitted evidence in support of Defendants' summary judgment motion provided false and/or misleading information to the Court. (*Id.* at 3.) Defendants oppose Plaintiff's motion, arguing

that Plaintiff has not established a basis for this Court to issue a show cause order or sanctions. (Dkt. # 31.) The Court agrees and, in fact, finds the instant motion frivolous. Any disputes Plaintiff has pertaining to evidence presented by Defendants in support of their summary judgment motion are properly raised in the context of that motion and not as a collateral matter. Plaintiff, to date, has not filed a response to Defendants' summary judgment motion, likely because he was focused on litigating his motion to amend. Now that the Court has issued a ruling on that motion, it will grant Plaintiff an opportunity to file a proper response to Defendants' summary judgment motion. Plaintiff may incorporate into his response any arguments he has concerning the viability of Defendants' evidence. If, after Plaintiff files such a response, the Court deems a hearing necessary, it will so advise the parties.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's motions for leave to amend his complaint (dkt. # 27) and for a show cause hearing and sanctions (dkt. # 30) are DENIED. Plaintiff is GRANTED leave to file an out-of-time response to Defendants' pending motion for summary judgment. Plaintiff is directed to file his response not later than *June 26, 2020*. Defendants' motion for summary judgment (dkt. # 19) is RE-NOTED for consideration on *July 3, 2020*. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Barbara J. Rothstein.

DATED this 12th day of May, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 4