UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON LEE SUTTON,

            Plaintiff,

v.

STEPHEN SINCLAIR, *et al.*,

            Defendants.

Case No. C19-1119-BJR-MLP

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE AND DENYING
PLAINTIFF'S MOTION FOR
RECONSIDERATION

## I.  INTRODUCTION

Plaintiff Jason Sutton is a state prisoner who is proceeding with this civil rights action *pro se*. This matter comes before the Court at the present time on Defendants' motion to strike Plaintiff's proposed amended complaint (dkt. # 35), and on Plaintiff's motion for reconsideration of this Court's Order denying his motion for leave to amend his complaint (dkt. # 36). Plaintiff has also filed a motion for an extension of time to file a response to Defendants' motion to strike (dkt. # 37), though for reasons that are not entirely clear Plaintiff filed his motion several days after he had already filed a response opposing Defendants' motion to strike (dkt. # 36). The Court addresses each of the pending motions below.

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE - 1

## II.     DISCUSSION

Plaintiff filed the instant action on July 19, 2019. (Dkt. # 1.) The Court thereafter ordered that Plaintiff's complaint be served on Defendants, and Defendants filed a timely answer to the complaint on October 11, 2019. (Dkt. ## 7, 17.) On October 18, 2019, the Court issued an Order establishing pretrial deadlines, including a discovery deadline of January 21, 2020 and a dispositive motion filing deadline of February 21, 2020. (Dkt. # 18.) On February 21, 2020, Defendants filed their motion for summary judgment in accordance with the deadline established in the Court's Pretrial Scheduling Order.[1] (Dkt. # 19.)

Shortly thereafter, on February 28, 2020, Plaintiff filed a motion seeking leave to amend his complaint to add a defendant to this action whose identity he became aware of only after Defendants supplemented their discovery responses in February 2020, just prior to filing their now pending motion for summary judgment. (Dkt. # 27.) Defendants opposed Plaintiff's request to amend, arguing that Plaintiff failed to attach his proposed amended complaint to his motion as required by the local rules, and that permitting amendment would prejudice them and would be futile. (Dkt. # 28.)

On May 12, 2020, this Court issued an Order denying Plaintiff's motion to amend. (Dkt. # 33.) The Court explained therein that Plaintiff's motion was procedurally deficient because it did not comply with Local Civil Rule (LCR) 15 which requires that a copy of the proposed amended pleading be attached as an exhibit to any motion seeking leave to amend a pleading. (*Id*.) The Court also explained that it appeared likely Plaintiff's proposed amendment would

---

[1] Defendants' summary judgment motion was originally noted for consideration on March 20, 2020, but was subsequently re-noted for consideration on July 3, 2020. (*See* Dkt. ## 19, 33.)

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE - 2

futile, noting that it was difficult to envision how adding the proposed new Defendant would in any way affect the viability of Plaintiff's claims. (*Id.*)

On the same day the Court issued its Order denying Plaintiff's motion to amend, Plaintiff filed an amended complaint which was posted on the docket the following day, May 13, 2020. (*See* Dkt. # 34.) On May 19, 2020, Defendants filed their motion to strike Plaintiff's proposed amended complaint. (Dkt. # 35.) Defendants argue in support of their request to strike that the proposed amended complaint is untimely because it was not submitted with Plaintiff's motion to amend back in February 2020, and that the Court previously considered the basis of Plaintiff's motion to amend and denied it. (*Id.*) On May 28, 2020, Plaintiff filed a response opposing Defendants' motion to strike together with a motion seeking reconsideration of this Court's May 12, 2020 Order denying his motion for leave to amend. (Dkt. # 36.) In his submission, Plaintiff explains why his proposed amended complaint was not attached to his motion to amend, citing disruptions to law library access related to COVID-19, and suggests the Court should now reconsider its Order and deny Defendants' motion to strike in light of the information Plaintiff has now provided regarding the "barriers" he faced in filing his proposed amended complaint in a timely fashion. (*Id.*)

The Court begins with Plaintiff's motion for reconsideration. Motions for reconsideration are disfavored and will be granted only in limited circumstances. The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). A motion for reconsideration must be filed within fourteen days after the order to which it relates is filed. LCR 7(h)(2).

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE - 3

     The Court first notes that Plaintiff's motion for reconsideration is untimely because it was not filed within fourteen days of the date the Order denying his motion to amend was filed. Plaintiff also fails to establish any viable basis for his request for reconsideration. Plaintiff explains in his motion that the delay in filing his proposed amended complaint is attributable to a COVID-19 outbreak at the Monroe Correctional Complex and resulting quarantines of some housing units, including his own. (Dkt. # 36 at 2-4.) Plaintiff asserts that his living unit went on "quarantine" on March 26, 2020 and that this caused substantial disruptions to regular services and programs, including law library access. (*See id*.) Plaintiff claims that the period of restricted movements associated with the quarantine did not end until May 12, 2020, and that he had no physical access to the law library during this two-month period and therefore no ability to file his proposed amended complaint. (*Id*. at 4.) Plaintiff goes on to assert that he attempted to file his amended complaint as early as April but was simply unable to do so because of the barriers put in place by the Department of Corrections ("DOC") in response to the COVID-19 pandemic. (*See id*. at 5, 9-10, 44.)

     What Plaintiff fails to recognize, or at least acknowledge, is that his proposed amended complaint was "due" at the time he chose to file his motion to amend on February 28, 2020. Even if the COVID-19 quarantine precluded library access between March 26 and May 12, this should have had no effect whatsoever on Plaintiff's ability to comply with LCR 15 in February which required him to submit a proposed amended pleading *with* his motion to amend. Plaintiff cannot assign blame to the DOC for his failure to file his proposed amended complaint together with his motion to amend *prior* to imposition of the COVID-19 restrictions. Plaintiff's motion to amend was clearly deficient because it was not accompanied by a proposed amended complaint, and Plaintiff's attempt to justify the late filing of his amended complaint appears frivolous.

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE - 4

Plaintiff fails to demonstrate that the Court's prior ruling regarding the procedural defect in his motion to amend was erroneous, and the prior ruling will therefore stand.

As noted above, the Court also explained in its Order denying Plaintiff's motion to amend that his proposed amendment, which at that time included only the addition of a defendant whose name he learned late in the discovery process, would likely be futile. Plaintiff asserts in his motion for reconsideration that failing to permit his proposed amendment would harm his prosecution of this action because he only recently identified the individual he seeks to add, and he has new facts to support this individual's involvement in his case. (Dkt. # 36 at 7.) The Court accepts Plaintiff's representation that he only learned of the identity of the proposed new Defendant in February and therefore could not have attempted to add her to this action earlier than that. However, nothing in Plaintiff's proposed amended complaint suggests that adding this individual to the action at this juncture will do anything to affect the viability of Plaintiff's claims or will serve any purpose except to further delay resolution of Defendants' summary judgment motion. Plaintiff fails to demonstrate that the Court's prior ruling regarding the futility of amendment was erroneous, and the prior ruling in this regard will therefore stand as well.[2] Because Plaintiff has not established that the Court's prior ruling in relation to the motion to amend was erroneous, Defendants' motion to strike Plaintiff's proposed amended complaint is properly granted.

---

[2] Plaintiff also seeks to add, by way of his recently filed proposed amended complaint, a formal claim for retaliation and new details regarding his attempts to exhaust state remedies and to resolve concerns with Defendants Sinclair and Jackson. (*See* Dkt # 34 at 34, 39-40, 43-44; Dkt. # 36 at 7.) It appears that these proposed additions are offered primarily as a response to arguments made by Defendants in their pending summary judgment motion and will be considered by the Court in its summary judgment order.

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE - 5

Finally, Plaintiff has also filed what he identifies as an "emergency" motion for an extension of time to file a response to Defendants' motion to strike. (Dkt. # 37.) Plaintiff asserts therein that Defendants did not give him sufficient time to prepare and file a response to their motion because they noted their motion for consideration on May 29, 2020 after filing it on May 19, 2020. (*Id*.) Defendants acknowledge in their response to Plaintiff's motion for extension of time that they did place the motion on the calendar for the incorrect date and that it should have been placed on the calendar one week later, on June 5, 2020. (Dkt. # 38.) Because the Court received Plaintiff's response before it would have been due had Defendants' motion been noted correctly, Plaintiff's motion for an extension of time is MOOT.

### III.   CONCLUSION

Based on the foregoing, Defendants' motion to strike Plaintiff's proposed amended complaint (dkt. # 35) is GRANTED, Plaintiff's motion for reconsideration (dkt. # 36) is DENIED, and Plaintiff's emergency motion for extension of time (dkt. # 37) is DENIED. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Barbara J. Rothstein.

DATED this 22nd day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE - 6